## CHAMPION vs. ARGALL.

*Practice in justice's court : notice to defendant in attachment.*

Where, in an attachment suit before a justice of the peace, the writ has not been served upon defendant personally, a notice to him that the writ has been issued and property attached, must be posted or published at least fifteen days, before judgment can be taken against him.

APPEAL from the Circuit Court for *Iowa* County.

*Argall* having recovered a judgment in an attachment suit against *Champion*, before a justice of the peace in said county, the cause was taken to the circuit court by *certiorari;* and the judgment was there reversed and all proceedings under it declared void, and judgment was rendered against *Argall* for costs, etc. From this judg-

ment *Argall* appealed. The questions involved will sufficiently appear from the opinion.

*E. P. Webber*, for appellant :

Sec. 102, ch. 120, R. S., requires a writ of attachment to be served "by summoning the defendant as in case of a summons." A long or ordinary summons must be here meant. (1.) Where a word used in a statute has a fixed technical meaning, the legislature must be understood as employing it in that sense, unless there is something in the context which shows that it was intended in a different sense. *State v. Smith*, 5 Humph. 394 ; *Allen v. Ins. Co.*, 2 Md. 111. (2.) Words of a statute, if of a common use, are to be taken in the natural and ordinary sense, and as such are to receive a general construction. *Torrance v. McDougald*, 12 Ga. 526 ; *State v. Clarksville and R. T. P. Co.*, 2 Sneed, 88 ; *Quigley v. Gorham*, 5 Cal. 418 ; 19 Wis. 55. (3.) If a word as used in one place in a statute is susceptible of two meanings, and in another place is used in a definite sense, it must be understood throughout in the latter sense, unless the connection in which it stands require a different construction. *James v. Dubois*, 1 Harrison, 285. In sec. 100 of said ch. 120, we find the words "as an ordinary summons ;" in sec. 106, "if the defendant cannot be summoned." In these cases the ordinary long summons is meant. No necessity appears for understanding the word differently in sec. 102. *McIntyre v. Ingraham*, 35 Miss. (6 George) 25 ; *Ingalls v. Cole*, 47 Me. 530.

*M. M. Cothren*, for respondent, contended that the language of sec. 102, ch. 20, R. S., requiring the warrant of attachment to be executed "by summoning the defendant as in case of a summons, *if to be found within the county*," plainly contemplates a personal service ; in the absence of which defendant is entitled to fifteen days' notice, under sec. 108.

COLE, J. We entirely agree with the circuit court in holding that the justice did not obtain jurisdiction, in

the attachment proceedings, of the person of the defendant, and had no authority to render judgment therein.

It appears that the plaintiff in the justice's court commenced an action upon a money demand against the defendant as an absconding debtor. The warrant of attachment was issued May 2, 1868, and made returnable on the fifth. The warrant was served by attaching property, and by leaving a copy at the defendant's usual place of abode with his wife, informing her of the contents thereof, the defendant not being found in the county. On the 5th of May, the return day of the writ, the plaintiff appeared, proved his account, and obtained judgment for the amount of his claim. And the question is, Was the service of the writ of attachment sufficient to give the justice jurisdiction? We think not. The statute provides that the officer shall execute a warrant of attachment by summoning the defendant as in case of summons, if to be found within the county, and by attaching his goods, etc. Sec. 102, ch. 120, R. S. When the defendant cannot be summoned, and his property or effects shall be attached, if he do not appear to the action at the return of the writ, the justice must enter an order on his docket requiring the plaintiff to give notice to the defendant, by publication or otherwise, as prescribed in sections 106, 107 and 108; and if the defendant, after being thus notified, does not appear and answer to the action, that fact must be entered by the justice in his docket, and the plaintiff may then proceed thereon to final judgment, as in actions commenced by summons. Sec. 109. So, where there is no personal service of the writ of attachment, the statute manifestly contemplates that the defendant shall have further notice that a writ has been issued against him and his property attached, which notice is to be either published or posted for at least fifteen days before the defendant is required to appear.

To this view of the statute, however, it is objected, that

section 102 declares that "the officer shall execute a warrant of attachment, by summoning the defendant *as in case of summons;*" and it is insisted that this plainly meant that the writ was to be served as an ordinary summons. The statute provides that the justice may issue, in actions commenced before him, what for convenience may be termed a long and a short summons. The first is made returnable in not less than six days, and need not be personally served. Secs. 16, 18 and 27. The short summons is issued in special cases upon affidavit, and is returnable in three days, and must be *personally served* not less than two days before the time of the appearance therein mentioned. Secs. 22 and 27. Now we have no doubt that where the statute provides that the warrant of attachment shall be executed "by summoning the defendant, as in case of a summons," the short summons is the one referred to. The warrant of attachment in this case was made returnable in three days, and had there been personal service upon the defendant, as in case of short summons, the justice would have been authorized to proceed to final judgment. It would certainly be singular legislation to require that a short summons should in all cases be personally served, and that a warrant of attachment returnable in the same time, where property is attached, be allowed to be served by copy. But because the process is returnable in so short time in each case, or because the remedy by attachment is regarded as prompt and severe, the legislature doubtless intended that the warrant of attachment should be personally served, or that further notice, by publication, should be given the defendant. The words of the section as naturally refer to the short as to the long summons, while the principles of reason and justice are more fully answered by holding that they relate alone to the former process, and contemplate personal service or publication.

The judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.